IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EVA SALINAS as personal representative
of the estate of M.S., a minor, and as next
friend of L.S., a Minor,

    Plaintiffs

v.                                                 Case No. 1:16-CV-01283-WPJ-KBM

THE GOODYEAR TIRE & RUBBER
COMPANY and EVA GODINEZ

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff Eva Salinas' Motion to Remand (**Doc. 6**), filed December 2, 2016. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's Motion is well taken. Therefore, the Motion is **GRANTED** and this action is **REMANDED** to state court.

### BACKGROUND

This lawsuit arises out of a rollover automobile accident that occurred on June 6, 2016. Teresa Ochoa was driving a 2002 Dodge Ram 1500 owned by Defendant Eva Godinez, with Ms. Godinez as a passenger along with two minors, M.S. and L.S. M.S. was killed in the accident. Plaintiff alleges the accident was caused when a defective tire on the Dodge Ram, manufactured and designed by Goodyear Tire & Rubber Company ("Goodyear"), failed. Ms. Godinez is M.S. and L.S.'s grandmother.

Ms. Salinas, a Nevada resident, filed suit against Goodyear, a foreign corporation with its principal place of business in Ohio, and Ms. Godinez, a Nevada resident, in the First Judicial District in Santa Fe, New Mexico. Ms. Salinas brought the suit as personal representative of the

estate of M.S., and next friend of L.S.  In the Complaint, Ms. Salinas alleges strict products liability, negligence, and punitive damages against Goodyear, negligence against Ms. Godinez, and negligent infliction of emotional distress against both Defendants.  Specifically, Plaintiff alleges Ms. Godinez provided the Dodge Ram equipped with the allegedly defective tire and asserts Ms. Godinez should have inspected the vehicle and warned the driver, Ms. Ochoa, of the supposed defect.  *See* Compl. ¶¶ 15, 32–37.  The Complaint includes an allegation that "there is no diversity jurisdiction as Plaintiff and Defendant EVA GODINEZ are citizens of the same state." *See id.* ¶ 7.

On November 23, 2016, Goodyear removed the case to this Court based on diversity jurisdiction, arguing Ms. Salinas fraudulently joined Ms. Godinez for the sole purpose to defeat federal jurisdiction.[1]  *See* Doc. 1, at 4.  Goodyear argues Ms. Godinez's citizenship should be ignored for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441 under the doctrine of fraudulent joinder, which provides that a fraudulently joined defendant may be ignored in determining diversity.  Furthermore, Plaintiff has no viable claim against the non-diverse party because there is no duty to inspect in gratuitous bailment situations under New Mexico law.  *See Williams v. Herrera*, 1972-NMCA-057, ¶ 17, 83 N.M. 680.  Thus, excluding Ms. Godinez establishes complete diversity between Plaintiff and Goodyear.

Plaintiff filed a Motion to Remand (**Doc. 6**) on December 2, 2016.  Defendant filed a Response (**Doc. 13**) on December 20, 2016.  Plaintiff filed a Reply (**Doc. 16**) on December 30, 2016.

## LEGAL STANDARD

To invoke diversity jurisdiction under 28 U.S.C. § 1332(a)(1), "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in

---

[1] The parties do not dispute the amount in controversy exceeds $75,000 or the citizenship of the parties.

controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

Federal courts are courts of limited jurisdiction, so there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). A defendant may remove a case to federal court based on diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). To successfully assert fraudulent joinder, the removing party bears the "heavy burden" of showing either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

Under the second method, which is the only method raised here, the removing defendant must demonstrate "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Cuevas*, 648 F.3d at 249; *Montano v. Allstate Indemnity*, No. 99–2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (reasoning the removing party must show there is no possibility the plaintiff would be able to establish a cause of action against the joined party). "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir. 1998)).

In considering whether there is any possibility of recovery, courts may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citations omitted). The Court may look to evidence in the complaint or submitted after the complaint to determine if the jurisdictional requirements are met. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

"[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988; *Montano*, 2000 WL 525592, at *1 (courts typically resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party). Fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot*, 378 F.2d at 882.

## DISCUSSION

Ms. Salinas first argues Goodyear fails to establish by clear and convincing evidence that Plaintiff has no possibility of recovery against Ms. Godinez. Second, with Ms. Godinez as a proper Defendant, Goodyear cannot establish complete diversity because Ms. Godinez and Plaintiff are residents of the same state, so the case should be remanded to state court.

Plaintiff states she can establish a cause of action against Ms. Godinez either by establishing that Ms. Godinez provided the defective vehicle or by establishing that she has independent negligence on her own part with regard to warnings about the lack of safety of the vehicle. Moreover, Plaintiff alleges in the Complaint that Ms. Godinez knew or should have known of the tire's defective condition. *See* Compl. ¶ 35. Plaintiff contends at the time of the rollover, the Dodge Ram's defective tire was more than ten years old. Plaintiff's position is essentially that Ms. Godinez should have known her car was dangerous because of the old tire

and the failure to properly maintain the vehicle.  In support of this theory, Plaintiff attaches a number of documents, including information from the National Highway Traffic Safety Administration ("NHTSA") website, stating that some industry experts recommend replacing tires after six to ten years, regardless of the tire's tread wear.  *See* Exhibit B.[2]  Plaintiff points out that in this case, Goodyear has alleged in its Answer the affirmative defense that Ms. Godinez failed to properly maintain the tires, which contributed to the cause of the fatal rollover accident. *See* Doc. 4, at 5–6.  Plaintiff maintains that remand is proper because, at this early stage, "other evidence may be discovered during the pendency of the suit regarding visible warning signs on the tire consistent with Goodyear's typical arguments that the owner of the vehicle must remove unsafe tires."  Doc. 6, ¶ 11.  Plaintiff concludes Goodyear has not met its high burden to show by clear and convincing evidence that there is no possibility Plaintiff can recover against Ms. Godinez.

Goodyear responds first that Plaintiff's legal standard for fraudulent joinder removal is false.  Goodyear argues the Tenth Circuit does not impose a clear and convincing standard and that Plaintiff has fabricated such a standard.  Goodyear points out that the case law relied upon by Plaintiff does not reference a clear and convincing standard and in fact the Tenth Circuit has not quantified the burden for establishing fraudulent joinder.

Second, Goodyear maintains that Plaintiff posits a novel legal theory of liability against Ms. Godinez that rests on nonexistent legal duties and misstates relevant case law.  The only definitive allegation against Ms. Godinez is that she allowed her vehicle to be used, and under New Mexico law, a gratuitous bailor has no duty to inspect the vehicle.  Goodyear relies upon *Williams*, 1972-NMCA-057, ¶ 17, where the New Mexico Court of Appeals held the defendant

---

[2] The Court rejects Goodyear's arguments that these post-removal filings may not be considered in evaluating fraudulent joinder.  "In considering whether there is any possibility of recovery, courts may 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Smoot*, 378 F.2d at 882.

did not have a duty to inspect a ladder when he loaned it to someone for his personal use. More specifically, under New Mexico law there could be no liability on the defendant's part as a mere lender *unless* the defendant knew or should have known of the ladder's defect. *See id.* ¶ 20. Goodyear contends that Plaintiff's own Complaint undermines the assertion that Ms. Godinez knew or should have known of the tire's defects, because the defects alleged all concern latent defects and design flaws. Moreover, Plaintiff now alleges a brand new legal theory concerning the age of the tire, and post-removal filings may not be considered. New Mexico law does not impose upon a car owner to inspect her tires, learn the age of the tires, and then warn the bailee about the age of the tires.

Goodyear also briefly challenges any allegations Plaintiff makes that Ms. Godinez should be strictly liable for supplying the Dodge Ram under *Stang v. Hertz Corp.*, 1972-NMSC-031, 83 N.M. 730. Goodyear contends there are no allegations that Ms. Godinez meets the basic test for strict liability because there are no allegations she is a seller engaged in the business of selling vehicles. *See id.* ¶¶ 7, 21–22.

Lastly, Goodyear contends that Ms. Godinez should be realigned as a Plaintiff because she is M.S. and L.S.'s grandmother and has sued Goodyear on nearly the same theories as Ms. Salinas done. Ms. Godinez answered the complaint and asserted cross-claim/third-party complaints against Goodyear that are nearly analogous to Plaintiff's claims against Goodyear. Thus, Ms. Godinez is more properly another plaintiff in this case. And, Ms. Godinez is M.S. and L.S.'s grandmother thus it is not plausible or credible that Plaintiff seeks recovery from the grandmother.

In the Reply, Plaintiff maintains that Goodyear must plead its claim of fraudulent joinder with particularity, and support it with clear and convincing evidence that there is no possibility

Plaintiff can recover against Ms. Godinez.  Plaintiff further argues Goodyear has not met its substantial burden to show Ms. Godinez was not in the business of supplying vehicles.

With regards to Plaintiff's negligence allegations, Plaintiff distinguishes *Williams* and states that even if a product is merely loaned, the owner can be liable for defects if the owner knew or should have known of the defects.  *See* 1972-NMCA-057, ¶ 20.  Plaintiff points out there is no undisputed evidence showing Ms. Godinez merely loaned the Dodge Ram to Ms. Ochoa, because bailment requires the bailor relinquish all control over the product, and that the bailee has accepted complete control.  *See Fernandez v. Ford Motor Co.*, 1994-NMCA-063, ¶ 15, 118 N.M. 100.  Plaintiff points out that Goodyear presupposes a bailment existed in this case, when Plaintiff disputes such a relationship.  Specifically, the fact that the owner of the vehicle (Ms. Godinez) was in the car at the time of the accident suggests that she had *not* given up all control of the vehicle and, unlike in *Williams*, the Dodge Ram was *not* being used for the sole benefit of the bailee.

Plaintiff also replies to Goodyear's argument regarding the latency of the tire's defects.  Plaintiff points out that a tire's tread wear can be visible, and that a vehicle owner can see and feel differences in an old tire before it fails.  Plaintiff also argues she is entitled to present alternative, even contradictory, claims.  Specifically, it is possible that a jury could find Goodyear was negligent in designing, manufacturing, and marketing the tire, and Ms. Godinez was negligent in supplying the car with the old tire.  In such a situation, the jury would apportion fault between the two tortfeasors.  Plaintiff emphasizes Ms. Godinez is a proper Defendant because whether Ms. Godinez knew or should have known of the tire's alleged defects, old age, or tread wear is a viable cause of action.  Moreover, Plaintiff points out at this early stage in litigation, Goodyear has not presented any evidence that Ms. Godinez knew nothing about the

allegedly defective tire. It is possible that she knew the tire was old, or had been told the tire was old.

The Court notes that if this suit were to proceed to trial, it is highly probable Goodyear would assert that a significant portion if not all of the fault should be apportioned to Ms. Godinez under comparative fault principles.[3] Indeed, Goodyear has already taken this position in this litigation, which belies its current argument that there is no viable negligence claim against Ms. Godinez. Goodyear answered the Complaint and raises the following affirmative defenses, among others:

- Insofar as **the tire at issue in this case was misused, abused, and/or Plaintiff and/or individuals or entities other than Goodyear failed to maintain properly or care for the tire**, Plaintiff is not entitled to the requested relief.

- Insofar as **the tire at issue was altered, modified, or changed by individuals and/or entities other than Goodyear**, Plaintiff is not entitled to the requested relief.

- Insofar as Plaintiff and/or **individuals or entities other than Goodyear failed to follow product instructions, warnings or normal maintenance practices for tires**, Plaintiff is not entitled to the requested relief.

Doc. 4, at 5–6 (emphasis added). Clearly, Goodyear takes the position that someone other than Goodyear is responsible, at least in part, for the fatal car accident. Goodyear contends that other parties are responsible for failing to properly maintain the tire, misusing the tire, modifying the tire, and/or failing to follow the tire's instructions. The Court can easily conceive of a likely scenario where Goodyear attempts to apportion fault, in line with its asserted defenses, that Ms. Godinez failed to properly maintain and care for her tire. This conclusion alone counsels against finding fraudulent joinder in this matter.

---

[3] *See Gulf Ins. Co. v. Cottone*, 2006-NMCA-150, ¶ 20, 140 N.M. 728 ("As we have noted, New Mexico is a pure comparative fault state. "[W]hen concurrent tortfeasors negligently cause a single, *indivisible* injury, the general rule is that each tortfeasor is severally responsible for its own percentage of comparative fault for that injury.").

Finally, Plaintiff replies to Goodyear's realignment argument and states that the proper inquiry is whether there is a legitimate dispute between Plaintiff and Ms. Godinez based on Plaintiff's allegations, not whether Plaintiff and Ms. Godinez have related claims against Goodyear.

The Court agrees with Plaintiff that Goodyear has not cleared its considerable burden to show fraudulent joinder. The Court finds there is a reasonable basis under the facts alleged and the applicable law to believe that Plaintiff could conceivably have a viable claim in state court against Ms. Godinez, the non-diverse Defendant. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000)). The Court cannot say with certainty that Plaintiff has no possibility of recovery against Ms. Godinez.

As a threshold matter, it appears to the Court that the parties quibble largely over terminology with regards to the proper standard governing fraudulent joinder. The parties do not legitimately dispute that the Tenth Circuit requires fraudulent joinder to be shown with "complete certainty upon undisputed evidence." *Smoot*, 378 F.2d at 882.[4] Without question, this is a high bar to meet. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano*, 2000 WL 525592 at *2. In fact, in *Dutcher*, the Tenth Circuit cited *Pampillonia v. RJR Nabisco,*

---

[4] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

*Inc.*, 138 F.3d 459, 461 (2d Cir. 1998), where the Second Circuit unequivocally held the removing defendant must establish fraudulent joinder "by clear and convincing evidence." *See Dutcher*, 733 F.3d at 988. Applying either standard, the end result is that Goodyear must have shown fraudulent joinder with complete certainty based on the undisputed evidence, which it has not done.

Plaintiff argues she has a basis for recovery against Ms. Godinez because Ms. Godinez was negligent in supplying the vehicle, specifically she should have known that a vehicle with tires older than ten years old is dangerous and Ms. Godinez should have warned the driver of this fact. Plaintiff maintains that discovery has not commenced and Goodyear has presented no evidence that Ms. Godinez knew nothing about the age or wear of the subject tire. The Court agrees. It is plausible that a jury could determine Ms. Godinez knew the tire on her car was old and in need of replacement, or that the tire was defective. The jury could conceivably attribute liability to Ms. Godinez for her own negligence, and to Goodyear for negligence grounded in products liability. As the master of her Complaint, Ms. Salinas was entitled to plead these two theories of relief, even if they are contradictory in that one theory relies upon the tire's defects being latent. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952) ("The appellant was at liberty to state as many separate claims as he wished 'regardless of consistency'").

The essence of Defendant's argument is that there is no viable claim asserted against Ms. Godinez because under New Mexico law, there is no duty to inspect in situations involving gratuitous bailments. But, as Plaintiff appropriately points out, Goodyear's argument

prematurely assumes a gratuitous bailment situation existed here between Ms. Godinez and Ms. Ochoa, the driver. Other than the fact that Ms. Godinez was a passenger in her car at the time of the accident, the parties have presented no evidence regarding the nature of the loan, or whether Ms. Ochoa was using the car strictly for her own use, thus the Court cannot say based on the evidence whether Ms. Godinez has been fraudulently joined to this lawsuit. As Plaintiff alleged, Ms. Godinez was a passenger in the vehicle at the time of the collision which implies she had not relinquished all control. Regardless, this factual dispute is exactly the type of inquiry the Court should not undertake when evaluating the question of fraudulent joinder. Any such doubts must be resolved in Plaintiff's favor, as the non-removing party. *See Dutcher*, 733 F.3d at 988. Depending on the facts unearthed during discovery, the Court can conceive of ways in which Ms. Godinez may very well face liability. For example, she may have known the tires were old or worn, and she may not have lent the vehicle as a gratuitous lender at the time of the collision. But these facts are not for this Court to assume, and the dispute precludes ruling in Goodyear's favor on the Motion to Remand. While it is not entirely clear at this early pleading stage whether Plaintiff has a viable negligence cause of action against Ms. Godinez, the Court cannot conclude there is absolutely no possibility of asserting this type of claim.[5] For this Court to decide whether a gratuitous bailment existed between Ms. Godinez and Ms. Ochoa, and also that Ms. Godinez had no duty to inspect the vehicle's tires, would require an analysis of New Mexico law

---

[5] While Plaintiff has asserted a strict liability claim against Ms. Godinez for supplying the vehicle, the Court agrees with Goodyear that Plaintiff has not alleged or shown Ms. Godinez was in the business of supplying vehicles and quite frankly, the Court fails to see any plausibility or viability in a strict liability claim against Ms. Godinez for supplying the vehicle. *See* NMRA UJI 13-1406. However, because the Court concludes Plaintiff's negligence theory could possibly survive, the Court cannot say with certainty that there is no possibility of recovery against Ms. Godinez.

that shows Plaintiff's claim are not wholly insubstantial so as to be ignored for diversity jurisdiction.[6]

Finally, the Court disagrees with Goodyear's argument that the motion should be denied because it is not credible that Plaintiff seeks recovery for MS's death from MS's grandmother. Whether this scenario is "credible" is not pertinent to the Court's determination. The Court is not aware of New Mexico law holding a plaintiff cannot seek tort recovery from a family member who allegedly causes injury or death to the plaintiff, and Goodyear has not presented such law. The Court already determined Goodyear has not met its significant burden to show fraudulent joinder, so the Court need not consider Goodyear's request to realign Ms. Godinez as a Plaintiff in this case.

In sum, the Court finds and concludes Goodyear has not met its considerable burden to show Plaintiff joined Ms. Godinez under fraudulent pretenses, so complete diversity of citizenship does not exist.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (**Doc. 6**) is **GRANTED** and that this action is **REMANDED** to the First Judicial District Court, County of Santa Fe, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate this remand.

                                                            _____
UNITED STATES DISTRICT JUDGE

---

[6] This does not necessarily mean that Plaintiff has stated valid claims against Ms. Godinez. It means that Goodyear has not met its substantial burden of showing with certainty that Ms. Godinez was joined fraudulently, which is a higher threshold than that for dismissal under Fed. R. Civ. P. 12(b)(6).